IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY RAYE DAILEY | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv10 |
| ALBERT THOMAS, III, *et al.*, | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Anthony Raye Dailey, an inmate currently confined at FCI Beaumont Low, proceeding *pro se,* filed what appeared to be a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Albert Thomas, III, Assistant Warden FNU Boyd, Unit Manager, FNU Asay, Unit Counselor, FNU Bevil, and Counselor, FNU Soto.  All of these Defendants work at FCI Beaumont where Plaintiff is incarcerated.  As such, Plaintiff's lawsuit is liberally construed as a *Bivens*-type action.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints.  The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff filed a motion to proceed *in forma pauperis* (doc. #2).  Section 1915(g) applies to this action, however, because at least three of Plaintiff's prior lawsuits or appeals have been dismissed as frivolous.[2]  As a result, Plaintiff may not bring this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit.  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Plaintiff makes no allegation that he was in imminent danger of serious physical injury.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United*

---

[2]*Dailey v. Middleton, et al.,* No.. 6:13-CV-485, 2013 WL 5353035 (E.D. Tex. Sept. 24, 2013) (dismissed pursuant to 28 U.S.C. § 1915A); *Dailey v. Guthrie, et al.*, No. 6:13-CV-486, 2013 WL 5504420 (E.D. Tex. Oct. 2, 2013) (dismissed pursuant to 28 U.S.C. § 1915A); *Dailey v. Phillips, et al.*, No. 6:15-CV-1151, 2018 WL 6588513 (E.D. Tex. April 19, 2018) (dismissed pursuant to 28 U.S.C. § 1915A).

*Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of February, 2023.

_____
Zack Hawthorn
United States Magistrate Judge